**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TINAMARIE BARRALES, MICHAEL WILLIAMS,<br><br>Plaintiffs,<br><br>v.<br><br>GHOST BEVERAGES LLC, MONDELEZ INTERNATIONAL, INC.,<br><br>Defendants. | Case No. 24-cv-01185<br><br>Judge Martha M. Pacold |

## ORDER

Plaintiffs' motion for leave to file a first amended complaint, [47], is denied. While "[t]he court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), Rule 15(a) "do[es] not mandate that leave be granted in every case," *Park v. City of Chicago*, 297 F.3d 606, 612 (7th Cir. 2002). The court may deny leave to amend if amendment is futile; that is, "if the proposed amendment fails to cure the deficiencies in the original pleading, or could not survive a second motion to dismiss." *Perkins v. Silverstein*, 939 F.2d 463, 472 (7th Cir. 1991) (citations omitted); *see also McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 685 (7th Cir. 2014).

The proposed amended complaint names only Ghost Beverages LLC as a defendant. [50-1] ¶ 10. The proposed amended complaint asserts claims under the Illinois Consumer Fraud and Deceptive Trade Practices Act, 815 ILCS § 505/1 *et seq.*, the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.*, the California Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*, and the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq. See id.* ¶¶ 80–118. The proposed amended complaint also asserts claims for unjust enrichment, negligent misrepresentation, and breach of express warranty under Illinois and California law. *Id.* ¶¶ 119–136.

The proposed amended complaint adds the following factual allegations to the previously dismissed complaint:

> (1) "Ghost energy drinks are available in coolers and on store shelves next to other energy drinks, sodas and water. There are no age restrictions or warnings regarding purchasing Ghost or other caffeinated drinks in the United States." [50-1] ¶ 26;

> (2) "Further, Ghost produces and sells breakfast cereals using the same color scheme and the same 'Sour Patch' logos on them." *Id.* ¶ 37;
>
> (3) "Children are the main consumers of candy in the United States. Studies show that 21.3% of children aged 2-18 consume non-chocolate candies, while only 9.8% of adults over 19 consume the same type of candies." *Id.* ¶ 38 (footnote omitted);
>
> (4) "Most likely, children are involved in any purchasing decision made by their parents regarding products they consume. Parents are advised to allow children from an early age to be part of any decision concerning them in order to feel like they have some power and control over what they do." *Id.* ¶ 42 (footnote omitted);
>
> (5) "Unlike co-branded alcoholic beverages that cannot be placed in stores 'immediately adjacent to soft drinks, fruit juices, bottled waters, candies, or snack foods portraying cartoons or youth-oriented images[,]' 235 ILCS 5/6-35.2, there are no restrictions in place for energy drinks." *Id.* ¶ 53.

The court previously dismissed plaintiffs' claims for injunctive relief for lack of jurisdiction—specifically, for lack of Article III standing. [44]; *see* [46]. The proposed amended complaint does not allege any additional facts to cure the jurisdictional deficiencies identified in the court's March 25, 2025 ruling. Therefore, plaintiffs' claims for injunctive relief would not survive a second motion to dismiss. Those claims remain dismissed without prejudice.

Turning to the merits of plaintiffs' claims for damages and other non-injunctive relief, the additional allegations in the proposed amended complaint would not cure the deficiencies identified in the court's earlier ruling.

First, the fact that stores place Ghost energy drinks next to other beverages (like sodas, fruit juices, and water) and food products (like candies and snack foods) does not plausibly suggest that a reasonable adult consumer would believe that Ghost energy drinks lack caffeine or are otherwise suitable for children. As explained in the court's earlier ruling, a reasonable adult consumer would understand that energy drinks contain caffeine and that ingesting caffeine may lead to negative health consequences for children. In any event, the packaging of Ghost energy drinks conspicuously discloses the product's caffeine content.

Second, it is unclear how the fact that Ghost Beverages sells Sour Patch Kids-branded breakfast cereals has any bearing on whether a reasonable adult consumer is likely to be misled by the marketing of a separate food item—Ghost energy drinks. A reasonable adult consumer would understand that breakfast cereals differ from energy drinks in important ways. One important difference is that energy drinks generally contain caffeine; breakfast cereals generally do not. A reasonable adult consumer would not lose sight of this important difference merely because the energy

drink and the breakfast cereal are both flavored like Sour Patch Kids candy. In any event, the proposed amended complaint does not allege that the existence of Sour Patch Kids-branded breakfast cereals influenced plaintiffs'decision to purchase Ghost energy drinks.

Third, the fact that children are the main consumers of candy in the United States does not plausibly indicate that a reasonable adult consumer is likely to interpret candy-themed advertising on a food product to conclude that the product is suitable for children. Plaintiffs do not dispute that the court must apply the "reasonable consumer" test from the perspective of a reasonable *adult* consumer. *See* [47] ¶ 4. As explained in the court's earlier ruling, a reasonable adult consumer would understand that while Sour Patch Kids-branded Ghost energy drinks are flavored like candy, they are not candy.

Fourth, the allegation that children may be involved in their parents' purchasing decisions does not plausibly suggest that the product packaging of Ghost energy drinks is actionably misleading. When reasonable adults purchase Ghost energy drinks at their children's request, they do so in spite of (not because of) the product packaging, which conspicuously discloses the product's caffeine content.

At bottom, the proposed amended complaint does not allege any additional facts about the packaging of Sour Patch Kids-branded Ghost energy drinks. The proposed amended complaint therefore does not "plausibly allege that the challenged statements or other representations are likely to deceive a reasonable consumer," such that it could survive a second motion to dismiss. *Willard v. Tropicana Mfg. Co.*, 577 F. Supp. 3d 814, 830 (N.D. Ill. 2021) (citing *Bell v. Publix Super Markets, Inc.*, 982 F.3d 468, 474–75 (7th Cir. 2020)). Because the proposed amended complaint would fail to state a claim, plaintiffs' motion for leave to amend, [47], is denied.

On March 25, 2025, the court dismissed plaintiffs' claims for damages and other non-injunctive relief without prejudice for failure to state a claim. [44]; [46]. Those claims are now dismissed with prejudice for failure to state a claim. As explained above, plaintiffs' claims for injunctive relief remain dismissed without prejudice for lack of jurisdiction. Enter final judgment. Civil case terminated.

Dated: August 5, 2025 /s/ Martha M. Pacold